**Mark C. Cogan** (OSB No. 920167) mark@coganlawoffice.com
**Jeffrey A. Turnoy** (OSB No. 124814) jeff@coganlawoffice.com
**Zachary J. Winston** (OSB No. 174908) zach@coganlawoffice.com
**Mark C. Cogan, P.C. Law Offices**
1500 SW First Avenue, Suite 780
Portland, OR  97201
(503) 827-8092

**Thomas Freedman** (OSB No. 080697) thomas@prllaw.com
**Pearl Law LLC**
610 SW Alder Street, Suite 800
Portland, OR  97205
(503) 295-6296

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – EUGENE DIVISION

| | |
|---|---|
| ROBERT JAMES WATSON III,<br><br>*Plaintiff*,<br><br>-against-<br><br>OSP DETECTIVE CARLA URBIGKEIT;<br>MISTY LEA BILLINGS; and<br>STATE OF OREGON,<br><br>*Defendants*. | Case No. 6:19-cv-00239<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, as and for his complaint, alleges as follows:

**Nature of the Action**

1.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover monetary

damages for deprivation of his constitutional rights as guaranteed by the Fourth, Fifth, and

Fourteenth Amendments, as well as attorney's fees pursuant to 42 U.S.C. § 1988.  In addition,

plaintiff brings related common law claims for false arrest, malicious prosecution, breach of

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **1** of 18
Complaint

contract, conversion, unjust enrichment, civil conspiracy, and negligence.

## Parties

2.    Plaintiff is a natural person and a resident of the state of Washington.

3.    Defendant Carla Urbigkeit is a natural person and a resident of Oregon.  At all relevant times, Urbigkeit was a Detective with the Oregon State Police ("OSP"), and was acting under color of state law.

4.    Defendant Misty Lea Billings is a natural person and a resident of Oregon.

5.    Defendant State of Oregon is a sovereign state.[1]

## Jurisdiction & Venue

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because this action seeks to redress the deprivation, under color of state law, of rights under the Fourth, Fifth, and Fourteenth Amendments secured by the United States Constitution and the Federal Civil Rights Act, 42 U.S.C. § 1983.

7.    This Court also has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. 1367(a) because the 42 U.S.C. § 1983 violations and tort liability for the state law claims arise from a common nucleus of operative facts.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

9.    Plaintiff has complied with all applicable notice and statutory requirements of the Oregon Tort Claims Act.

## Factual Allegations

10.    On or about August 4, 2017, plaintiff purchased a used 2007 Kenworth dump

---

[1] Plaintiff recognizes that the Eleventh Amendment potentially bars claims against the State of Oregon in federal court.  For this reason, plaintiff intends to file a simultaneous complaint against the State of Oregon in state court. However, in the interest of judicial economy, plaintiff will be requesting that Oregon consent to federal jurisdiction and plaintiff includes the State of Oregon as a defendant herein for this reason.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **2** of **18**
Complaint

truck from Billings for $60,000.

11.    The purchase transaction was conducted via a private sale at Billings' residence in Lincoln County, Oregon.

12.    To document the purchase, Billings signed a bill of sale and Oregon vehicle title over to plaintiff with the stated purchase price of $60,000.  True and correct copies of the bill of sale and Oregon vehicle title are annexed hereto as **Exhibits A and B**, respectively.

13.    At all relevant times thereafter, plaintiff was the lawful owner of the truck.

14.    Plaintiff returned to Washington with possession of the truck and the bill of sale/title documents, and lawfully obtained a Washington registration certificate and Washington certificate of title from the Washington State Department of Licensing.  True and correct copies of the Washington registration certificate and certificate of title are annexed hereto as **Exhibits C and D**, respectively.

15.    After returning to Washington with the truck, plaintiff began repairing and improving the truck, and expended significant additional funds on the truck.

16.    Plaintiff intended to use the truck for business purposes and to generate revenue.

17.    Unbeknownst to plaintiff, shortly after the sale, Billings made false statements and submitted false police reports to Oregon police authorities, including the OSP.

18.    Among other things, Billings falsely claimed that she sold plaintiff the truck for $122,000 instead of $60,000, that plaintiff later illegally entered her home and stole a cashier's check in the amount of $60,000, and that plaintiff stole the truck from her.

19.    Billings' false statements and reports caused OSP to open a criminal investigation against plaintiff.

20.    OSP assigned the criminal investigation to Detective Urbigkeit, who became

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **3** of 18
Complaint

lead investigator on the criminal case at all relevant times.

21.     Urbigkeit conducted a wholly biased and unfair investigation, relied solely on Billings' false account of events without any corroborating evidence, and completely disregarded the unambiguous documents establishing plaintiff as the legal owner of the truck.

22.     As a result of Billings' false and malicious statements and Urbigkeit's unlawful, biased, and malicious investigation, plaintiff was wrongfully prosecuted on false charges in Lincoln County Circuit Court.

23.     Specifically, plaintiff was indicted by a grand jury on one count of Aggravated Theft in the First Degree (ORS 164.057) and one count of Possession of a Stolen Vehicle (ORS 819.300). *State v. Watson*, 17CR58071. In both counts, the state alleged as an enhancement factor that the value of the stolen property (*i.e*., the truck) was greater than $50,000.

24.     Billings and Urbigkeit testified falsely and under oath at the grand jury proceeding.

25.     As a result of Billings' false and malicious statements and Urbigkeit's unlawful, biased, and malicious investigation, plaintiff was wrongfully arrested and incarcerated.

26.     As a result of Billings' false and malicious statements and Urbigkeit's unlawful, biased, and malicious investigation, the truck was unlawfully seized and impounded by Washington governmental authorities.

27.     On or about September 13, 2017, the truck was unlawfully released to Billings.

28.     After the truck was transported back to Lincoln County, Urbigkeit and OSP unlawfully permitted Billings to take control and possession of the truck, even though it was a critical piece of evidence in the ongoing prosecution of plaintiff.

29.     Moreover, Urbigkeit and OSP unlawfully permitted Billings to materially alter

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **4** of 18
Complaint

the truck, even though it was a critical piece of evidence in the ongoing prosecution of plaintiff.

30.     During the course of the investigation and prosecution of plaintiff, Urbigkeit and Billings cultivated an improper personal relationship exceeding the parameters of professional conduct.  An example of this improper relationship is illustrated in the following text message thread between Urbigkeit and Billings from October 10, 2017, the day before plaintiff's arraignment on the criminal charges:

> Billings: *Hi there.  Dying for tomorrow.  Do you know what time the scumbags [sic] has his courtdate[?]  Can I take the truck to get worked on[?]  Insurance company is paying out Thank God and you* (9:12 AM)
>
> Urbigkeit: *Glad to hear about your insurance!!! I don't know what time he has court.  I will ask the detective up there and also see if he shows up. I'm working on getting a release for your truck so you can do whatever you want to it.  I'm nervous about you getting rid of it though .... just for court reasons*
>
> Billings: *Just painting it now. Will not sell it at all till this is in motion.  The truck will not go anywhere* (11:47 AM)
>
> Billings: *Do I need a release to take it to the boxyshop??* [sic] (12:00 PM)
>
> Billings: *Body* (12:03 PM)
>
> Urbigkeit: *No, is it already painted?* (12:03 PM)
>
> Billings: *No not painted yet .. it's going today* (12:05 PM)

31.     Thereafter, Urbigkeit unlawfully and repeatedly obstructed efforts by plaintiff's criminal defense team to inspect the truck and otherwise defend plaintiff in the criminal case and prepare for trial.

32.     Coinciding with Urbigkeit's obstruction, Billings offered valuable gifts to Urbigkeit, as demonstrated by the following text message thread from December 22, 2017:

> Billings: *Hi!!! Was just wondering if you are on shift this weekend.  I have a gift for you and would love to hand deliver it to you* (3:13 PM)
>
> Billings: *And do not tell me you can't except [sic] gifts we can do it when*

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **5** of 18
Complaint

Urbigkeit: *Ahhhh, I am in Salem right now. Not working this weekend. Did you get me a new .223 rifle??* (3:15 PM)

Billings: *Yep I knew it* (3:35 PM)

Billings: *With a name on your first bullot [sic] Bahaha* (3:35 PM)

Urbigkeit: *1yes!!!* [sic] (3:52 PM).

33.     Ultimately, during the course of the investigation and prosecution of plaintiff, Billings provided illicit gifts to Urbigkeit which she unlawfully and unethically accepted. An example is evidenced in a text message thread from February 26, 2018:

Billings: *Are in in [sic] town today?* (9:05 PM)

Urbigkeit: *Yes! At the office now and writing reports all day!*

Billings: *Well I will be in town around 11. would like to get your XMAS present to you today. Its [sic] only been 4 months. LOL* (9:12 AM)

Urbigkeit: *Hahahaha! I am kind a hoping it isn't an edible present ... like a Christmas lasagna ....* (9:20 AM)

Urbigkeit: *Ha! The fruitcake would've survived!!* (9:32 AM)

Urbigkeit: *I'm all FUBAR'd ... the dates are good for trial. I was getting confused with June and July. Those dates are a go!!!* (10:10 AM)

Urbigkeit: *Sorry for the brain-fart* (10:11 AM)

Billings: *That's okay. I have an oil change at 11 at sunwest and then a tanning then I will text ya and bring you your present* (10:13 AM)

Urbigkeit: *Sounds good!* (10:14 AM)

Billings: *I'm flying to Pittsburg to ride home wlith [sic] John. Hez [sic] been working on West Virginia since January. Made a lot of money there on a pipeline project.* (10:15 AM)

Billings: *I'm all done can I come out to your office. Or what would you like me to do honey* (11:50 AM)

Urbigkeit: *Come on out. Let me know when you are out front cuz our door will probably be locked* (11:50 AM)

Billings: *You betcha* (11:51 AM)

Billings: *I'm here. Yay me* (12:07 PM)

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **6** of 18
Complaint

Urbigkeit: *THANK YOU SO MUCH for the gifts.  You really are too much and I love them!* (1:17 PM)

Billings: *I'm glad. It was important for me to show my gratitude to you. Cause you saved me* (2:00 PM)

Urbigkeit: *Well you HAVE shown me! That's the beauty of your cinserety! [sic] And me doing what I'm paid to do. But thank you*

34.    While the prosecution of plaintiff was still ongoing, Urbigkeit and OSP unlawfully permitted Billings to sell the truck, even though it was a critical piece of evidence in the open prosecution of plaintiff.  Specifically, on or about February 2, 2018, Billings resold the truck to a third party for approximately $135,000.

35.    Billings never paid plaintiff any compensation for the truck or the repairs and improvements he made to the truck, never repaid plaintiff the $60,000 he paid her for the truck, and never accounted to him for the $135,000 for which she resold the truck.

36.    On or about July 2, 2018, the criminal case against plaintiff was dismissed.

37.    As a direct, proximate and foreseeable result of defendants' unlawful acts and omissions, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

38.    Plaintiff's damages include:

a.    the initial $60,000 he paid Billings for the truck;

b.    additional money he spent on repairs, improvements, and maintenance of the truck;

c.    lost profits and revenue;

d.    loss of liberty;

e.    extensive attorney's fees and costs incurred in defending against the false charges in the criminal case -- which was exacerbated by defendants' repeated obstruction of his defense team;

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **7** of 18
Complaint

    f.   anguish, stress, humiliation, and mental pain and suffering;

    g.   unjust enrichment to Billings; and

    h.   other compensable damages.

39.    At all relevant times, defendants' conduct was malicious, willful, wanton,

egregious, and/or reckless.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Unlawful Seizure/False Arrest – 4th Amendment)**
**(Against Defendant Urbigkeit, in Her Individual Capacity)**

40.    Plaintiff restates and realleges the allegations contained in the preceding

paragraphs and incorporates the same by reference as if fully set forth herein.

41.    As set forth with particularity above, Urbigkeit engaged in unlawful acts and

omissions that directly caused the false arrest of plaintiff without probable cause.

42.    Urbigkeit's unlawful acts and omissions deprived plaintiff of his liberty interest

in freedom and being free from unlawful seizures.

43.    As a direct, proximate and foreseeable result of defendant Urbigkeit's malicious,

willful or reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights,

injury, harm, and compensable economic and noneconomic damages.

44.    In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Malicious Prosecution - Fourth, Fifth and/or Fourteenth Amendments)**
**(Against Defendant Urbigkeit, in Her Individual Capacity)**

45.    Plaintiff restates and realleges the allegations contained in the preceding

paragraphs and incorporates the same by reference as if fully set forth herein.

46.    As set forth with particularity above, Urbigkeit had an active role in initiating

and/or continuing unfounded criminal proceedings against plaintiff, including referring the case

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **8** of 18
Complaint

to the Lincoln County District Attorney's Office for prosecution.

47.     Urbigkeit conducted a wholly biased and unfair investigation, relied solely on Billings' false account of events without any corroborating evidence, and completely disregarded the unambiguous documents establishing plaintiff as the legal owner of the truck.

48.     Urbigkeit testified falsely at the grand jury proceeding in plaintiff's criminal case.

49.     Urbigkeit accepted gifts from Billings in exchange for obstructing plaintiff's defense team and permitting critical evidence to be altered and lost.

50.     Urbigkeit had numerous opportunities to correct the false and fabricated evidence, and never did so.

51.     The criminal proceedings terminated in plaintiff's favor.

52.     Urbigkeit lacked probable cause at all relevant times.

53.     Urbigkeit acted with malice.

54.     Urbigkeit intended to subject plaintiff to criminal charges based on fabricated evidence, and intended to subject plaintiff to a denial of constitutional rights under the Fourth, Fifth, and Fourteenth Amendments.

55.     As a direct, proximate and foreseeable result of Urbigkeit's malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

56.     In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **9** of **18**
Complaint

## THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Destruction of Evidence, Obstruction of Justice, and Official Misconduct)
### (14th Amendment:  Procedural and/or Substantive Due Process)
### (Against Defendant Urbigkeit, in Her Individual Capacity)

57.     Plaintiff restates and realleges the allegations contained in the preceding

paragraphs and incorporates the same by reference as if fully set forth herein.

58.     As set forth with particularity above, Urbigkeit engaged in unlawful acts and

omissions that caused critical evidence in plaintiff's criminal case to be altered and destroyed

while the prosecution remained open.

59.     Urbigkeit unlawfully permitted the truck to be returned to Billings and

unlawfully permitted Billings to alter the truck, despite the fact that the prosecution was still

open, and the evidence unambiguously established the plaintiff was the lawful owner of the

truck.

60.     Urbigkeit unlawfully and repeatedly obstructed plaintiff's defense team from

inspecting the truck and otherwise unlawfully impeded his defense.

61.     Urbigkeit unlawfully permitted Billings to sell the truck while plaintiff's

prosecution was ongoing.

62.     Throughout the investigation and prosecution, Urbigkeit cultivated an improper

personal relationship with Billings and accepted illegal and unethical gifts from her in exchange

for facilitating the loss of critical evidence, the obstruction of plaintiff's defense, and the unjust

enrichment of Billings.

63.     Urbigkeit's unlawful conduct under the circumstances violated plaintiff's right to

procedural due process under the Fourteenth Amendment, and deprived him of fair and due

process and justice.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **10** of 18
Complaint

64.     Urbigkeit's unlawful conduct under the circumstances violated plaintiff's right to substantive due process under the Fourteenth Amendment, and deprived him of significant liberty and other constitutionally-protected interests.

65.     As a direct, proximate and foreseeable result of Urbigkeit's unlawful conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

66.     In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION
**(42 U.S.C. § 1983 –Deprivation of Property)**
**(14th Amendment:  Procedural Due Process)**
**(Against Defendant Urbigkeit, in Her Individual Capacity)**

67.     Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

68.     As set forth with particularity above, Urbigkeit engaged in unlawful acts and omissions that deprived plaintiff of property without due process of law.

69.     Urbigkeit's unlawful acts and misconduct directly caused plaintiff to be deprived of his property, *i.e.*, the truck, which he was the lawful owner of at all relevant times, without a hearing or other adequate due process.

70.     As a direct, proximate and foreseeable result of the Urbigkeit's unlawful conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

71.     In addition, plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

### FIFTH CAUSE OF ACTION
**(False Arrest and False Imprisonment)**
**(Against Defendant Billings and State of Oregon)**

72.     Plaintiff restates and realleges the allegations contained in the preceding

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **11** of 18
Complaint

paragraphs and incorporates the same by reference as if fully set forth herein.

73.    As set forth with particularity above, Billings made false and fabricated statements and initiated false police reports to various police agencies and officers, including Urbigkeit and OSP.

74.    Billings and Urbigkeit testified falsely at the grand jury proceeding leading to plaintiff's indictment.

75.    As a direct result of Billings' false and malicious statements and Urbigkeit's unfair, biased, and malicious investigation and other misconduct, plaintiff was wrongfully arrested and confined.

76.    Defendants intended the acts that caused plaintiff's arrest and confinement.

77.    Plaintiff was aware of the arrest and confinement.

78.    The arrest and confinement were unlawful under Oregon law and not privileged.

79.    As a direct, proximate and foreseeable result of defendants' malicious, wanton, willful and reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## SIXTH CAUSE OF ACTION
### (Malicious Prosecution)
### (Against Defendants Billings and State of Oregon)

80.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporate the same by reference as if fully set forth herein.

81.    As set forth with particularity above, Billings and Urbigkeit had an active role in initiating and/or continuing unfounded criminal proceedings against plaintiff.

82.    Billings repeatedly made false and fabricated statements concerning plaintiff to police agencies, including Urbigkeit and OSP.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page 12 of 18
Complaint

83.    Billings and Urbigkeit testified falsely at the grand jury proceeding in plaintiff's criminal case.

84.    Billings and Urbigkeit had numerous opportunities to correct the false and fabricated evidence, and never did so.

85.    The criminal proceedings terminated in plaintiff's favor.

86.    Defendants lacked probable cause at all relevant times.

87.    Defendants acted with malice.

88.    Defendants intended to subject plaintiff to criminal charges based on fabricated evidence.

89.    As a direct, proximate and foreseeable result of defendants' malicious, willful or reckless conduct, plaintiff suffered extensive deprivation of his constitutional rights, injury, harm, and compensable economic and noneconomic damages.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)
### (Against Defendant Billings)

90.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

91.    On or about August 4, 2017, Billings agreed to sell plaintiff a 2007 Kenworth dump truck for $60,000.

92.    Plaintiff fully performed all conditions precedent and tendered performance under the agreement, including paying Billings $60,000.

93.    Billings signed a bill of sale and Oregon vehicle title over to plaintiff with the stated purchase price of $60,000 and delivered possession of the truck to plaintiff.  *See* **Exhibits A and B**.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **13** of **18**
Complaint

94.    Thereafter, Billings directly and materially breached the agreement by taking back possession of the truck, altering the truck, and selling the truck without plaintiff's consent or permission and without any compensation to plaintiff.

95.    As a direct, proximate and foreseeable result of Billings' unlawful acts and breaches, plaintiff suffered injury, harm, and compensable economic and noneconomic damages.

## EIGHTH CAUSE OF ACTION
### (Conversion)
### (Against Defendant Billings)

96.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

97.    At all relevant times, plaintiff was the lawful owner of the truck and had the right to control his personal property.

98.    Billings intentionally and unlawfully exercised dominion and control over plaintiff's truck (*i.e.*, plaintiff's personal property and chattel) in a manner that so seriously interfered with plaintiff's right to control the property that Billings should be justly required to pay plaintiff the full value of the property and all repairs/improvements thereto made by plaintiff.

99.    In this regard, Billings unlawfully took possession of, altered, and sold the truck without plaintiff's consent or permission, and without compensating plaintiff in any manner.

100.    As a direct, proximate and foreseeable result of Billings' unlawful acts and omissions, plaintiff suffered injury, harm, and compensable economic and noneconomic damages.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **14** of 18
Complaint

### NINTH CAUSE OF ACTION
### (Unjust Enrichment)
### (Against Defendant Billings)

101.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

102.    Plaintiff paid Billings $60,000 for the truck via a lawful transaction.

103.    After the purchase, Plaintiff invested funds into the truck for improvements, repairs, and maintenance.

104.    Thereafter, Billings unlawfully took back possession of, altered, and sold the truck for $135,000 without any compensation to plaintiff.

105.    Billings also kept the $60,000 purchase price that plaintiff paid her, and unjustly reaped the benefits of the repairs and improvements plaintiff had invested into the truck.

106.    Plaintiff conferred a significant benefit upon Billings, and Billings was unjustly enriched by plaintiff's conduct.  Allowing Billings to retain the benefit without compensation to plaintiff would be unjust.

107.    Based on the foregoing, plaintiff is entitled to restitution for the money he paid Billings for the truck, plus the money he expended repairing and improving the truck, plus the funds that Billings received in selling the truck.

108.    As a direct, proximate and foreseeable result of Billings' unlawful acts and omissions, plaintiff suffered injury, harm, and compensable economic and noneconomic damages.

### TENTH CAUSE OF ACTION
### (Civil Conspiracy)
### (Against Defendants Billings and State of Oregon)

109.    Plaintiff restates and realleges the allegations contained in the preceding

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **15** of 18
Complaint

paragraphs and incorporates the same by reference as if fully set forth herein.

110.    As set forth with particularity above, Urbigkeit and Billings engaged in concerted action intended to accomplish an unlawful purpose or a lawful purpose through unlawful means.

111.    Urbigkeit and Billings conspired together to unlawfully deprive plaintiff of his liberty and his property, and to unlawfully and unjustly enrich Billings.

112.    As a direct, proximate and foreseeable result of defendants' unlawful acts and omissions, plaintiff suffered injury, harm, and compensable economic and noneconomic damages.

## ELEVENTH CAUSE OF ACTION
### (Negligence)
### (Against Defendant State of Oregon)

113.    Plaintiff restates and realleges the allegations contained in the preceding paragraphs and incorporates the same by reference as if fully set forth herein.

114.    At all relevant times, Urbigkeit was the lead investigator on plaintiff's criminal case.

115.    As such, Urbigkeit had a duty to use reasonable care in:

  a.  Conducting the investigation in a fair, unbiased, impartial and objective manner;

  b.  Reviewing and understanding plaintiff's unambiguous documents evidencing that plaintiff was the undisputed owner of the truck;

  c.  Corroborating the false allegations made by Billings in some manner prior to arresting plaintiff or causing his property to be seized or referring the case to the state for prosecution;

  d.  Ensuring that plaintiff was not falsely or maliciously prosecuted; and

  e.  Preserving and maintaining critical evidence.

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **16** of 18
Complaint

116.    As set forth with particularity above, Urbigkeit breached all of the foregoing duties by conducting a biased and unfair investigation, disregarding plaintiff's unambiguous ownership documents, unfairly colluding with Billings, failing to corroborate Billings' false allegations, facilitating or permitting the alteration and loss of material evidence, repeatedly obstructing plaintiff's defense team, and embarking on an improper personal relationship with Billings, including accepting unethical gifts in exchange for depriving plaintiff of his liberty and property and unjustly enriching Billings.

117.    As a direct, proximate and foreseeable result of Urbigkeit's unlawful acts, omissions and breaches of duty, plaintiff suffered injury, harm, and compensable economic and noneconomic damages.

## JURY DEMAND

118.    Plaintiff demands a trial by jury on all claims so triable.

**WHEREFORE**, plaintiff demands judgment against defendants as follows:

(i)     on plaintiff's first, second, third, and fourth causes of action, awarding plaintiff compensatory damages in an amount to be determined at trial of no less than $2,500,000;

(ii)    on plaintiff's first, second, third, and fourth causes of action, awarding plaintiff punitive damages in an amount to be determined at trial;

(iii)   on plaintiff's first, second, third, and fourth causes of action, awarding plaintiff his reasonable attorney's fees and costs accrued in this action pursuant to 42 U.S.C. § 1988;

(iv)    on plaintiff's fifth, sixth, seventh, eighth, ninth, tenth, and eleventh causes of action, awarding plaintiff general and special damages in amounts to be determined at trial to the fullest extent permitted under the Oregon Tort Claims Act;

(v)     on all causes of action, awarding plaintiff his costs, disbursements, prevailing party fees, enhanced prevailing party fees, reasonable attorney's fees, and statutory interest to the fullest extent permitted by applicable law; and

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page 17 of 18
Complaint

(vi)    for such other and further relief as the Court may deem just, equitable and proper.

Dated: February 17, 2019          Respectfully submitted,

                                  Plaintiff Robert James Watson III
                                  By his Attorneys,

                                  MARK C. COGAN, P.C. LAW OFFICES

                                  By:  /s/ *Mark C. Cogan*
                                       **Mark C. Cogan** (OSB No. 920167)
                                       **Jeffrey A. Turnoy** (OSB No. 124814)
                                       **Zachary J. Winston** (OSB No. 174908)
                                       1500 SW First Avenue, Suite 780
                                       Portland, OR  97201
                                       mark@coganlawoffice.com
                                       jeff@coganlawoffice.com
                                       zach@coganlawoffice.com

                                  PEARL LAW LLC

                                  By:  /s/ *Thomas Freedman*
                                       **Thomas Freedman** (OSB No. 080697)
                                       610 SW Alder St Suite 800
                                       Portland, OR  97205
                                       thomas@prllaw.com

Mark C. Cogan, P.C. Law Offices
1500 SW First Ave., Suite 780, Portland, OR 97201
Voice: (503) 827-8092 Fax: (503) 208-3410

Page **18** of 18
Complaint