IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT JAMES WATSON III,

        Plaintiff,

    v.

CARLA URBIGKEIT; STATE OF OREGON,

        Defendants.

Civ. No. 6:19-cv-00239-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This civil rights case comes before the Court on a Motion to Dismiss and Motion to Make More Definite and Certain filed by Defendants Carla Urbigkeit and the State of Oregon.[1]  ECF No. 26.  For the reasons set forth below, the Motion is GRANTED.

## Legal Standard

    To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations,"

---

[1] Defendant Misty Lea Billings has since been dismissed pursuant to a settlement agreement.  ECF Nos. 40, 41.

it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## Background

Plaintiff Robert James Watson III is a resident of Washington state. Compl. ¶ 2. Defendant Carla Urbigkeit is a resident of Oregon and a detective with the Oregon State Police (OSP). *Id.* at ¶ 3.

In August 2017, Watson purchased a dump truck from Misty Billings, the widow of Watson's former employer. Compl. ¶ 11. Watson alleges he agreed to purchase the truck for $25,000 in cash plus a $35,000 cashier's check. *Id.* at ¶ 13. After taking possession of the truck, Watson took the truck from Oregon to Washington. *Id.* at ¶ 16.

Billings, through statements to Oregon State Police, claimed that Watson stole the truck, rather than purchasing it. Compl. ¶ 19. Urbigkeit was the OSP detective assigned to the case, and she forwarded Billings' report to the authorities in Washington, who arrested Watson. *Id.* at ¶¶ 22-29. Watson was criminally charged for theft of the truck in Oregon and Washington. *Id.* at ¶ 27.

Watson alleges that Billings and Urbigkeit became friends, beyond the

professional boundaries of Urbigkeit's responsibilities as a police detective. and that Urbigkeit improperly accepted gifts from Billings. Compl. ¶ 34. Watson alleges Billings and Urbigkeit conspired to deprive Watson of the truck through fraud and ensure Watson's conviction by concealing exculpatory evidence, materially altering of evidence, and presenting false testimony to a grand jury. *Id.* at ¶¶ 25-26. Watson alleges two pieces of information were concealed: the location of the truck and the cashier's check he used to purchase the truck from Billings. *Id.* at ¶¶ 69-70. Watson does not allege how this information was kept secret, or what false testimony or evidence was purported to have been introduced by Billings or Urbigkeit. *Id.* at ¶¶ 29-33.

After Watson's arrest and the seizure of the truck, the authorities in Washington released the truck back to Billings. Compl. ¶ 31. Billings repainted the truck and later sold it for $135,000, more than twice the amount that Watson claims to have paid for the truck. *Id.* at ¶ 41.

Watson's criminal case in Oregon was dismissed on July 2, 2018. Compl. ¶ 44. Plaintiff filed an Oregon tort claim notice on July 2, 2018. Doc. 33-1.

## Discussion

### I. Watson's State Law Claims

Watson alleges four state law claims against the State of Oregon: false arrest and imprisonment, malicious prosecution, civil conspiracy, and negligence.

As a preliminary matter, Oregon does not recognize civil conspiracy as a separate civil cause of action, but only as a means of committing a tort. *Granewich v.*

*Harding*, 329 Or. 47, 55 (1999) (holding "conspiracy' is not, standing alone, a tort"). To the extent Watson seeks to state a free-standing claim for civil conspiracy, that claim must be dismissed. As this defect cannot be remedied by further amendment, dismissal shall be with prejudice.

Urbigkeit and the State of Oregon move to dismiss Watson's other state law claims for failure to give timely tort claim notice under the Oregon Tort Claims Act ("OTCA") and for failure to state a claim.

### A. Oregon Tort Claim Notice Act

The State of Oregon authorizes civil suit against the state, its agencies, officers, and employees through the Oregon Tort Claims Act. *See* ORS 30.260 *et seq*. However, the OTCA requires that potential plaintiffs file a tort claim notice within 180 days of the accrual of the cause of action. ORS 30.275(2). This notice does not need to be a pleading; it need only notify relevant state actors of an intent to file suit, the identity of the claimant, and the events giving rise to the claim. ORS 30.275(4). The start of the 180-day period can be tolled for a maximum of 90 days if the potential plaintiff is unable to provide the notice due to injury, minority, incompetency, or some other incapacity. ORS 30.275(2).

The events described in the Complaint took place in August and September of 2017. Compl. ¶ 11, 31. Watson alleges that he gave his tort claim notice pursuant to ORS 30.275 on July 2, 2018. Tort Claim Notice, Doc. 33-1. The cutoff period for Watson to give his tort claim notice would have been in February or March of 2018, several months before Watson submitted his tort claim notice. The Court therefore

grants Defendants' Motion to Dismiss on the basis of failure to give timely tort claim notice. Watson shall be given leave to amend to more clearly plead that his tort claim notice is timely.

## II. Watson's 42 U.S.C. § 1983 Claims Against Urbigkeit

Watson brings claims for false arrest and imprisonment, malicious prosecution, and violation of his substantive and procedural due process rights under 42 U.S.C. § 1983 against Urbigkeit, alleging violation of his Fourth, Fifth, and Fourteenth Amendment rights.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim for false arrest under § 1983, a plaintiff must show that he was arrested without probable cause or other justification. *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001); *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983.").

In this case, Watson's claim for false arrest and imprisonment alleges that Urbigkeit "engaged in unlawful acts and omissions" that lead to Watson's arrest and

detention. Compl. ¶ 49. Watson has failed, however, to allege with particularity the specific actions taken by Urbigkeit. Critically, Watson also fails to allege how his arrest and prosecution by Washington was the result of Urbigkeit's actions. The Court concludes that Watson has failed to state a claim for false arrest under § 1983.

Watson's claim for malicious prosecution suffers from similar defects. To state a claim for malicious prosecution under § 1983, a plaintiff must typically make out a claim for malicious prosecution under relevant state law. *Tran v. Kuehl*, Case No. 3:16-cv-00707-AC, 2019 WL 1877977, at *6 (D. Or. Jan. 22, 2019). In Oregon, that claim requires the plaintiff to plead and provide that (1) the defendant initiated a proceeding against the plaintiff, (2) the proceeding terminated in the plaintiff's favor, (3) the defendant lacked probable cause, (4) the defendant acted maliciously, and (5) the plaintiff was harmed. *Id.* For the federal claim, the plaintiff must also allege "that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)).

In this case, without further factual allegations, the Court cannot find a connection between Urbigkeit's actions and Watson's prosecution. Of particular note, Washington and Oregon prosecutors, and not Urbigkeit, charged and prosecuted the case against Watson. Compl. ¶ 27. Watson is correct that a malicious prosecution claim may be lawfully brought under 42 U.S.C. § 1983 against other persons who have "knowingly provided misinformation to the prosecutor, concealed exculpatory

evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awadby v. City of Adelanto*, 368 F.3d 1062, 1067 (2004). But the Complaint in this case does not allege sufficient facts to state a claim under that theory.

Instead, Watson's pleading provides an unadorned accusation without any supporting facts as to what misinformation was provided, how Urbigkeit purported to hide exculpatory evidence, or any other essential facts the Court might rely on in assessing Watson's claims. Further, Watson's accusations of false testimony to a grand jury cannot form the basis for any of Plaintiff's accusations, as such testimony is immune to a claim under 42 U.S.C. § 1983. *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). Without further factual allegations, Watson fails to state a claim for malicious prosecution.

Watson's third cause of action alleges violation of his substantive due process rights. Compl. ¶ 74. Substantive-due-process analysis has two elements. *Washington v. Glucksberg*, 521 U.S. 702, 720. (1997). First, the claimed right must be "deeply rooted in this Nation's history and tradition" and so "implicit in ordered liberty" that "neither liberty nor justice would exist if [the right] were sacrificed." *Id.* at 720-21. Second, the plaintiff must provide a "careful description of the asserted fundamental liberty interest." *Id.* at 721. In this case, Watson alleges that Urbigkeit engaged in destruction of evidence, obstruction of justice, and official misconduct. Watson further alleges that Urbigkeit caused the truck to be seized, returned to Billings, and sold. Yet Watson pleads no facts that would tie any of Urbigkeit's actions to the conduct in

question. Rather, Watson alleges the truck was seized by Washington police, impounded in Washington, and released to Billings in Washington. Compl. ¶ 30. Once the truck was in Billings's control, Urbigkeit discouraged Billings from selling the truck, but ultimately had no control over Billings's conduct. *Id.* at ¶ 34. Without further information, Watson fails to state a claim for violation of his substantive due process rights.

Finally, Watson's claim for violation of his procedural due process rights suffers from the same factual deficiencies. Parties asserting a procedural due process violation are generally required to show a deprivation of a constitutionally protected liberty interest or property interest and a denial of adequate procedural protections. *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976). Watson fails to allege what process Urbigkeit failed to provide, especially as it was Washington authorities who arrested Watson and seized the truck. Without further allegations of fact, Watson fails to state a claim for violation of his procedural due process rights.

With the exception of Watson's claim for civil conspiracy, which does not exist as a separate tort under Oregon law, the Court concludes that many of these defects might be remedied by the allegation of additional facts. Dismissal shall therefore be with leave to amend.

## Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's claim of civil conspiracy is dismissed with prejudice. All other claims are dismissed with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this ___28th___ day of September 2021.

                                         /s/Ann Aiken
                                         ANN AIKEN
                                         United States District Judge